UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Andrew Perrong,**

      **Plaintiff,**

v.                                                    Case No: 6:20-cv-01606-RBD-EJK

**MLA International, Inc. & Jose Ayala,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion"), filed on January 19, 2021. (Doc. 23.) For the reasons set forth below, the Motion is due to be denied without prejudice and Plaintiff will be provided the opportunity to file a second amended complaint correcting the deficiency outlined below.

**I.   BACKGROUND**

On September 1, 2020, Plaintiff instituted this action against Defendants for their alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. 1.) In the amended complaint, Plaintiff alleges that Defendants placed "at least twenty-six telemarketing calls to . . . Plaintiff using both an ATDS and . . . an artificial or pre-recorded voice." (Doc. 7 ¶ 55.) The Court dismissed the Complaint without prejudice because it was an impermissible shotgun pleading. (Doc. 2 at 2.) Plaintiff filed an Amended Complaint on September 9, 2020. (Doc. 7.) In the Amended Complaint, Plaintiff alleges that Defendants are jointly and severally liable for damages pursuant to the TCPA. (*Id.* ¶ 55.) Almost a month later, Plaintiff served a copy of the summons and Amended Complaint on Defendants at 8136 Woodsworth Dr., Orlando, FL 32817. (Doc. 16.) Defendant Ayala received service of process on behalf of himself and MLA

International, Inc. (Docs. 17 and 18.) Defendants failed to file a timely answer, and a clerk's default was entered against both Defendants on October 30, 2020. (Doc. 21.) Plaintiff now moves for default judgment as to both Defendants. (Doc. 23.)

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "This is so because '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law' when a plaintiff seeks a default judgment." *Frazier v. Absolute Collection Serv.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2010) (quoting *Nishimatsu Const.*, 515 F.2d at 1206). Therefore, in order for a court to enter a default judgment against Defendants, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const.*, 515 F.2d at 1206.

## III.   DISCUSSION

Plaintiff alleges that, during each call, there was a pre-recorded message and that "[t]he use of a pre-recorded message is . . . consistent with the use of an Automatic Telephone Dialing System (ATDS), as it would be illogical to manually call numbers only to then play a pre-recorded message." (Doc. 7 at 7 ¶ 38–39.) Plaintiff further alleges that "[t]he Caller ID Number on these calls came from a (211) or (121) area code", and that "(211) is an emergency services area code . . . [and] (121) is an invalid area code." (*Id.* at 7 ¶ 40–41.) Finally, Plaintiff asserts that when

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981.

Defendant called, "[t]he Caller ID Number would also usually be missing a digit, making the caller ID only 9 digits in length." (*Id.* at 8 ¶ 42.) "All these facts[,] [Plaintiff contends,] are also consistent with the use of an ATDS, as it takes computerized dialing software to manipulate a Caller ID." (*Id.* at 8 ¶ 43.)

Prior to April 1, 2020, this may have been sufficient to state a claim for relief under 47 U.S.C. § 227(b)(1)(A). *See Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 U.S. Dist. LEXIS 223945 (M.D. Fla. Aug. 22, 2019); *see also Hirsch v. Fortegra Fin. Corp.*, No. 3:17-cv-1215-J-39JBT, 2018 U.S. Dist. LEXIS 219724, 2018 WL 4760801, at *4 (M.D. Fla. June 26, 2018) (unpublished) (showing that in order to be successful at the summary judgment phase for a 227(b)(1)(A) claim, "Plaintiff must allege in part that the subject call was made 'using an artificial or prerecorded voice'"), *report & recommendation adopted by* 2018 U.S. Dist. LEXIS 219723, 2018 WL 4759895, at *1 (July 30, 2018) (unpublished). Recently, however, the Supreme Court of the United States has weighed in on the § 227 definition of an ATDS. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). The Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system' under the TCPA, a device must have the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Id.* at 1165. Plaintiff never alleges that the dialing device used by Defendant has "the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Id.* at 1165.

Although "'courts permit the allegation of an automatic system to be pled on information or belief, [they] require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device.'" *Camunas v. Nat'l*

*Republican Senatorial Comm.*, No. 21-1005, 2021 U.S. Dist. LEXIS 100125 at *11 (E.D. Pa. May 26, 2021) (quoting *Zemel v. CSC Holdings LLC*, Civil Action No. 18-2340-BRM-DEA, 2018 U.S. Dist. LEXIS 201917 at *3 (D.N.J. Nov. 29, 2018) (explaining that under the new guidance after *Facebook, Inc. v. Duguid*, a dialing system is no longer considered an ATDS 'if it does not store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator'"). In the instant case, Plaintiff fails to allege "the random nature of the automation device." *Id*. at 11. Because of the Supreme Court's recent ruling "that a necessary feature of an autodialer . . . is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called," *Facebook*, 141 S. Ct. 1163 at 1173, Plaintiff has failed to state a claim upon which relief can be granted, and he is not entitled to default judgment.

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. 23) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff is **GRANTED** leave to file a second amended complaint correcting the deficiency outlined above on or before July 23, 2021. Failure to timely file an amended complaint may result in dismissal of this action for failure to prosecute.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE