**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION**

| | |
|---|---|
| ANDREW PERRONG | : |
| | : CASE NO. 6:20-cv-1606-Orl-37EJK |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MLA INTERNATIONAL, INC. and JOSE AYALA | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff ANDREW PERRONG respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Defendants MLA INTERNATIONAL, INC. and JOSE AYALA.

I. **STATEMENT OF FACTS**

Liability: The Plaintiff in this case, Andrew Perrong, received twenty-six automated "robocalls" to his personal telephone number, 215-322-XXXX, which was listed on the National Do Not Call Registry and Pennsylvania Do Not Call Registry. 2d Am. Compl. ¶¶ 33–38 ECF No. 26.; Perrong Dec. Plaintiff is charged for each call on the 215-322-XXXX number and received twenty-six calls from the Defendants on that number. 2d Am. Compl. ¶ 34, 38, ECF No. 26.; Perrong Dec. Defendants run a marketing company that specializes in selling medical alert systems to individuals throughout the U.S.. 2d Am. Compl. ¶ 26, ECF No. 26. Defendants use telemarketing to market their services, including to persons, like Plaintiff, who have not consented to receive such solicitations. *Id*. ¶¶ 26–27, 30. Defendants used an ATDS to contact the Plaintiff. *Id*. ¶ 40–41, 46, 58, 60–61. Plaintiff contacted the Company to request that the calls

1

stop, to request a copy of company's do-not-call policy, and to attempt to resolve the matter, but received no response. Perrong Dec.

Jurisdiction: Defendant MLA INTERNATIONAL, INC. is incorporated in this District. Its owner, Defendant JOSE AYALA, resides in this District. 2d Am. Compl. ¶¶ 6–7.

Injury: The Plaintiff did not consent to these calls. 2d Am. Compl. ¶ 4, 30. To the contrary, Plaintiff asked that they stop. Perrong Dec. Plaintiff found the calls invasive of his privacy, annoying, and harassing, and was charged for them. *Id*. ¶ 34, 63.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful. *Perrong v. Space Coast Marketing, LLC*., Civ. No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019); *Perrong v. Tranzvia, LLC*., Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that, of the twenty-six (26) known calls by Defendants to Plaintiff:

- 26 were placed using an Automatic Telephone Dialing System (ATDS) to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii);

- 26 were placed using an artificial or prerecorded voice to a residential telephone line. 47 U.S.C. § 227(b)(1)(B);

- 26 violated the Pennsylvania Telemarketer Registration Act. 73 Pa. Cons. Stat. § 2241;

- 26 were telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2);

- 26 were made without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1);

- 26 were made without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6).

Therefore, Plaintiff is entitled to $202,800 for statutory violations.

Posture: On September 9, 2020, Plaintiff filed his first amended complaint against both Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. ECF No. 26. On October 27, 2020 Plaintiff moved for entry of default against both Defendants. ECF No. 19. On October 29, 2020 default was entered against Defendants. ECF No. 21. Because of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), regarding the capabilities of Defendants' system as an Automatic Telephone Dialing System ("ATDS"), the Court denied the motion for default judgment without prejudice on July 2, 2021. ECF No. 25. Thereafter, the Plaintiff filed a Second Amended Complaint pleading with greater specificity the allegations supporting the assertion that Defendants used an ATDS to contact him on July 17, 2021. ECF No. 26. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure. Defendants did not respond to the Second Amended Complaint, and after an order to show cause, Plaintiff moved for entry of default on October 27, 2021. ECF No. 28. Thereafter, on November 8, 2021, the Clerk entered default against both Defendants. ECF No. 32, 33. This motion now follows.

## II. **ARGUMENT AND AUTHORITIES**

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well-settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court. *See, e.g.*, *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Oakes v. Horizon Fin., S.*A., 259 F.3d 1315, 1319 (11th Cir. 2001). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendants. Further, Defendants were duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i. **Subject Matter Jurisdiction**

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As they arise from the same nucleus of operative fact, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law telemarketing claims. *Palmer v. Hosp. Auth. of Randolph Cty*., 22 F.3d 1559, 1566 (11th Cir. 1994).

ii. **Personal Jurisdiction**

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

As a preliminary matter, the court has *general* jurisdiction over Defendant MLA INTERNATIONAL, INC. because it is a Florida corporation. The "paradigm all-purpose forum[] for general jurisdiction is a corporation's place of incorporation." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Accordingly, personal jurisdiction over this Defendant is without question.

The Court has *general* jurisdiction over Defendant JOSE AYALA because he resides in this District. When considering personal jurisdiction over an individual, physical presence and residence in a state is sufficient for the Court to exercise personal jurisdiction over a resident defendant. *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

iii. **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant MLA INTERNATIONAL, INC. was properly served with process and therefore had the opportunity to respond, but did not. Under Fed. R. Civ. P. 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute

and the statute so requires—by also mailing a copy of each to the defendant." Here, on October 5, 2020, Plaintiff effected service under Rule 4(h). Moreover, out of due process concerns, the Plaintiff arranged to have the Second Amended Complaint personally served, although he was not required to, on August 16, 2021. ECF No. 31.

Under the Federal Rules of Civil Procedure, Defendant JOSE AYALA was also properly served with process. Under Fed. R. Civ. P. 4(e)(2)(A), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Here, on October 5, 2020, after three previous attempts and evidence of evasion, Plaintiff's process server served the complaint, summons and other initiating papers on JOSE AYALA personally. Thus, Plaintiff effected service under Rule 4(e)(2)(A). Moreover, out of due process concerns, the Plaintiff arranged to have the Second Amended Complaint personally served, although he was not required to, on August 16, 2021. ECF No. 31.

    iv.    **Personal Liability**

This case arises out of the Federal Telephone Consumer Protection Act of 1991, as amended. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217 ("[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*.") (emphasis added). This provision applies when "construing and enforcing the provisions of the Communications Act," of which the TCPA is a part. *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

As the owner of MLA INTERNATIONAL, INC., AYALA was clearly acting "within the scope of his employment" when he orchestrated the placing of the calls to Plaintiff. Specifically, he selected the phone numbers that would be called, chose the telemarketing equipment that would be used, and personally authorized the telemarketing conduct of his corporation. 2d Am. Compl. ¶ 55–56, 62, ECF No. 26. In TCPA cases such as this, courts have upheld personal liability against the individual Defendants. *See Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (E.D. Mich. Nov. 8, 2013). (Granting plaintiff's motion for summary judgement where the record contained no dispute that the individual corporate officer participated in the payment of and authorization for the fax ads). *See also Perrong v. Space Coast Marketing, LLC.*, No. 2:18-cv-05510, at *1 (E.D. Pa. July 17, 2019) (imposing individual liability). Indeed, "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011).

### B. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

#### i. Without Default, Plaintiff Will be Denied Relief

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp.

2d 1354, 1362 (N.D. Ga. 2011). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *See Angiodynamics, Inc. v. Biolitec AG*, 780 F.3d 429 (1st Cir. 2015). Here, Defendants were made aware of their unlawful conduct when they were served and by virtue of a cross-claim in another action in which they also defaulted. *Perrong v. Medical Guardian, LLC*, No. 2:19-cv-02371 (E.D. Pa. May 31, 2019). Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

    ii. **Defendants have no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendants have no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See In re Worldwide Web Sys., Inc*., 328 F.3d 1291, 1296 (11th Cir. 2003) (discussing meritorious defense in context of a motion to set aside default judgment). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

    iii. **Defendants are Culpable for their Conduct**

Defendants' failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### C. The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $202,800, although high, are both reasonable and fair given the circumstances and facts of the case.

#### i. Legal Sufficiency

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* 2d Am. Compl. ¶¶ 26-63 (date, caller ID, called number, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for:

- *first,* calls placed using an Automatic Telephone Dialing system to a number for which the called party is charged. 47 U.S.C. § 227(b)(1)(A)(iii). 47 U.S.C. § 227(b)(1)(A). *and* calls placed using an artificial or prerecorded voice to a residential

9

telephone line. 47 U.S.C. § 227(b)(1)(B). 47 U.S.C. § 227(b)(1)(A); 2d Am. Compl. ¶¶ 64-69;

- *second*, violations of the Pennsylvania Telemarketer Registration Act, 73 Pa. Cons. Stat. § 2241; 2d Am. Compl. ¶¶ 70-74;

- *third,* placing telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); placing calls without existence or training pertaining to "do not call" requests 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(1); *and* placing calls without maintaining the Plaintiff on an internal "do not call" list. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(6).

First Claim: The elements of the first claim with respect to an ATDS are: (1) the defendant called a telephone number for which the called party is charged for the call; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). "Prior express consent" under the TCPA must be "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

To allege that an automatic telephone dialing system was used, Plaintiff must plead that the system had the capacity "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1163 (2021). After *Facebook*, at least two district courts have evaluated ATDS allegations at the pleading staged based on plausible inferences which suggest that a random or sequential number generator was used to make the calls, such as use of random caller ID numbers, prerecorded messages, and failures to honor do-not-call requests. *See, e.g.*, *Montanez v. Future Vision Brain Bank, LLC*, No. 20-CV-02959-CMA-MEH, 2021 WL

1291182, at *7 (D. Colo. Apr. 7, 2021) (addressing similar allegations to Plaintiff's in the text message context); *McEwen v. NRA*, No. 2:20-cv-00153-LEW, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021).

Plaintiff's Amended Complaint pleads each element of the first part of this first claim:

(1.a) Defendants called a telephone number for which the called party is charged for the call, 2d Am. Compl. ¶ 34;

(2.a) using an automatic telephone dialing system, *id*. ¶ 40 because:

(2.a.i) it played a prerecorded message, and it would be illogical to call someone and play a prerecorded message other than randomly or sequentially. *id*. ¶ 41,

(2.a.ii) the caller ID numbers were randomly generated. *id*. ¶45,

(2.a.iii) the ability to randomize caller ID numbers supports the inference that the number dialed was also randomly generated, since randomizing caller IDs requires a high degree of technical specification. *id*. ¶46,

(2.a.iv) the calls were not personalized and came at random dates and times, and the caller had no information about the person they were calling. *id*. ¶¶ 58–59,

(2.a.v) the parties had no prior relationship and the circumstantial indicia of the call support the inference that an ATDS was used *id*. ¶60,

(2.a.vi). more detailed information about a dialing system is not appropriately required at the pleadings stage, without the benefit of discovery, and the Defendants have not rebutted the Plaintiff's allegations *id*. ¶61;

(3.a) without the recipient's prior express consent, *id*. ¶ 30.

The elements of the first claim with respect to a prerecorded voice are: (1) the defendant called a residential telephone line; (2) using an "artificial or prerecorded voice;" (3) without prior express consent; (4) for telemarketing purposes. 47 U.S.C. § 227(b)(1)(B).

Plaintiff's Amended Complaint pleads each element of the second part of this first claim:

(1.b) Defendants called a residential telephone line. 2d Am. Compl. ¶ 37;

(2.b) using an artificial or prerecorded voice, *id.* ¶ 39;

(3.b) without the recipient's prior express consent, *id.* ¶ 30;

(4.b) for nonemergency purposes, *id.* ¶ 66.

Second Claim: The elements of the second claim are: (1) the defendant called the Plaintiff; (2) without registering as telemarketers under Pennsylvania law or by sending inaccurate and invalid caller ID information. 73 Pa. Cons. Stat. § 2243; 73 Pa. Cons. Stat. § 2245(5) and 2245.1.

Plaintiff's Amended Complaint pleads each element of the second claim:

(1) Defendants called the Plaintiff twenty-six times, 2d Am. Compl. ¶ 38;

(2) Defendants are not registered as telemarketers and spoofed their caller IDs (to emergency services numbers, no less), *Id.* ¶ 50, 42–46.

Third Claim: The elements of the first part of the third claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5).

Plaintiff's Amended Complaint pleads each element of the second claim:

(1.a) Defendants called Plaintiff's private telephone number, 2d Am. Compl. ¶ 33;

(2.a) registered on the National Do Not Call Registry, *id.* ¶ 36;

12

(3.a) at least twice in any 12-month period, *id.* ¶ 36;

(4.a) for the purpose of initiating any telephone solicitation, *id.* ¶ 39, 55.

The elements of the second part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having a written policy, available upon demand, for maintaining a Do-Not-Call list. 47 C.F.R. § 64.1200(d)(1); 47 U.S.C. § 227(c)(5). Plaintiff's 2d Am. Complaint pleads each element of the second part of the third claim:

(1.b) Defendants initiated a call for telemarketing purposes, 2d Am. Compl. ¶¶ 39, 55;

(2.b) to Plaintiff's private telephone number, *id.* ¶ 33;

(3.b) without having a written policy, available upon demand, for maintaining a Do-Not-Call list., *id.* ¶¶ 75–77.

The elements of the third part of the third claim are: (1) the defendant initiated a call for telemarketing purposes; (2) to a private telephone subscriber; (3) without having an internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6); 47 U.S.C. § 227(c)(5). Plaintiff's 2d Am. Complaint pleads each element of the third part of the third claim:

(1.c) Defendants initiated a call for telemarketing purposes, 2d Am. Compl. ¶¶ 39, 55;

(2.c) to Plaintiff's private telephone number, *id.* ¶ 33;

(3.c) without having an internal Do-Not-Call list., *id.* ¶¶ 75–77.

  ii. **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment,

even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*, at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call). Plaintiff pleads that he received twenty-six calls. As outlined above, each of those twenty-six calls violates two separate provisions section (b) [the prohibition against using an ATDS and the prohibition against using artificial or prerecorded voices], and entitles Plaintiff to an award of $500 for each violation, or $78,000. Each call also violated Pennsylvania law, and Plaintiff is entitled for up to treble statutory damages of $300 per call, or $7,800. 73 Pa. Cons. Stat. § 201; 73 Pa. Cons. Stat. § 2246(a). Also, as outlined above, all twenty-six calls violated three separate provisions of section (c) as codified in the Code of Federal Regulations, 47 C.F.R. 64.1200(c)(2) [calling a number on the national DNC registry], 47 C.F.R. 64.1200(d)(1) [failing to have a DNC policy], and 47 C.F.R. 64.1200(d)(6) [failing to have a DNC list], and entitles Plaintiff to an award of $500 for each violation, or $117,000.

The sum of statutory damages, therefore, totals $202,800 [$78,000 + $7,800 + $117,000]. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $202,800, calculated as follows: 26 violations of state law at $300 per violation, plus 130 total violations [based on 26 calls] times $500 per violation, times treble damages.

## CONCLUSION

Defendants decided to make telemarketing robocalls to Plaintiff (to a number listed on the National Do Not Call Registry, and spoofing telephone numbers with valuable emergency service resources, no less) without his consent. Defendants decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendants is appropriate. Plaintiff Andrew Perrong respectfully prays for an award of $202,800, plus any other relief that the court deems just and proper.

Dated: **December 3, 2021**

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021 I filed the foregoing with the Clerk of the Court electronically using the Coronavirus electronic filing form.

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com