# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANDREW PERRONG,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:20-cv-1606-RBD-EJK**

**MLA INTERNATIONAL, INC. and**
**JOSE AYALA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion"), filed December 3, 2021. (Doc. 34.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

## I.   BACKGROUND

On September 1, 2020, Plaintiff, proceeding *pro se*, filed the instant action against Defendants MLA International, Inc., and Jose Ayala, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Pennsylvania Telemarketer Registration Act ("PTRA"), 73 P.S. 2241 *et seq.* (Doc. 1.) On July 17, 2021, Plaintiff filed the Second Amended Complaint alleging the same. (Doc. 26.) Plaintiff alleges that, between January 10, 2019, and May 20, 2019, Defendants used an automated telephone dialing system ("ATDS") with a pre-recorded message to call Plaintiff's "private telephone number" used for his "personal residential use" at least 26 times. (*Id.* ¶¶ 33, 37–40.) Plaintiff states that each call began

by playing the same pre-recorded message:

> Hello. Press 1 Now. The first 100 callers will receive $2,000 in grocery coupons. If you're over the age of 55 and have had a slip and fall in the past 12 months, press 1 now to receive a medical alert device valued at $400 at no cost to you for the equipment. Press 1 now to receive your medical alert device and $2,000 in grocery coupons or press 3 to be removed from the marketing list. Again, press 1 now to receive your medical alert device and $2,000 in grocery coupon savings. So press 1 now to speak to an enrollment specialist NOW!

(*Id.* ¶ 39.)

Although Defendants were not identified in the pre-recorded messages, Plaintiff was able to speak to a live individual who identified the company as "Medical First Alarm." (Doc. 26 ¶¶ 47–48.) Upon providing his credit card information, Plaintiff identified Medical Guardian, LLC, as the merchant. (*Id.* ¶¶ 52–53.) Plaintiff asserts that in discovery in an action against Medical Guardian, "Medical Guardian identified MLA International and Mr. Ayala as the individuals who initiated the calls in question."[1] (*Id.* ¶ 55.)

On November 8, 2021, a clerk's default was entered against Defendants MLA International, Inc., and Jose Ayala for their failure to respond to the Complaint or otherwise appear in this action. (Docs. 32, 33.) Plaintiff now requests a default judgment against Defendants in the amount of $202,800, including $195,000 for their violations of the TCPA and $7,800 for their violations of the PTRA. (Doc. 34 at 14–

---

[1] Plaintiff has "gained some apparent notoriety within the TCPA bar as the 'robo-call cop,'" having filed at least nine separate cases in the Eastern District of Pennsylvania alone. *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 195 (E.D. Pa. 2021).

15.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu*, 515 F.2d at 1206.

### III. DISCUSSION

#### A. Jurisdiction

Plaintiff brings the instant action against Defendants for alleged violations of the TCPA and PTRA. Thus, this Court properly has subject matter jurisdiction over Plaintiff's TCPA claims and supplemental jurisdiction over Plaintiff's PTRA claim. *See* 28 U.S.C. §§ 1331, 1367; *see also Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 379 (2012) (holding that "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits"). Additionally, venue is proper pursuant to 28 U.S.C. § 1391(b)(1), as all of the Defendants reside within this District. Moreover, Plaintiff properly effectuated service of process of the Second Amended Complaint on Defendants on August 12, 2021. (Doc. 31.) As Plaintiff states, service of process was properly effectuated under Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(2)(B) by leaving a copy of the summons and Second Amended Complaint with the co-resident of Jose Ayala, the registered agent of MLA International, Inc., at his usual place of abode. (*Id.*) As such, the entry of clerk's default against Defendants was proper and the undersigned finds the Court has jurisdiction over this action.[2]

---

[2] Federal Rule of Civil Procedure 5(a)(2) states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Here, the undersigned granted Plaintiff's Motion for Entry of Clerk's Default as to the Amended Complaint, finding both Defendants had been properly served. (Doc. 20.) The Second Amended Complaint does not assert any new claims. Aside from including the total calculation of statutory damages, the Second Amended Complaint differs from the Amended Complaint by including additional allegations regarding the use of an ATDS system to support a claim that was also asserted in the Amended Complaint. Accordingly, because Defendants are in default as to the Amended

### B. Individual Liability

As an initial matter, the undersigned addresses whether Defendant Jose Ayala may be found personally liable for the violations alleged in the Second Amended Complaint. Before corporate officers can be held personally liable under the TCPA, "they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct." *Shelton v. CSG Sols. Consulting LLC*, No. 6:18-cv-1335-Orl-41KRS, 2019 WL 11504659, at *1 (M.D. Fla. Feb. 5, 2019) (citing *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015)). Plaintiff alleges that Defendant Ayala "made the automated calls for MLA International," and that he "either physically programmed the automatic dialer to dial them or instructed others to do the same." (Doc. 26 ¶ 62.) These actions go beyond "mere personal involvement or authorization of TCPA violations," as Plaintiff alleges Defendant Ayala himself committed the statutory violations. *Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-CV-80251, 2013 WL 12121104, at *3 (S.D. Fla. July 31, 2013); *see Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 n.1 (S.D. Fla. Mar. 27, 2013) ("Some showing of intentional misconduct or gross failure to implement policies that comply should be required."). While courts in this circuit have found that the personal liability "of an officer under the TCPA should be the exception rather than the rule," the Second Amended Complaint alleges actions by Defendant

---

Complaint, service of the Second Amended Complaint was not required.

Ayala to justify personal liability under the TCPA. *Appelbaum*, 2013 WL 12121104 at *3.

### C. TCPA

#### i. Count One: Violation of the TCPA's Prohibition Against Calling Residential Numbers with an Artificial or Prerecorded Voice and Use of an ATDS

Plaintiff seeks default judgment against Defendants for using an artificial or pre-recorded voice and an ATDS to call him 26 times, without his consent, in violation of the TCPA. (Docs. 26 at 12; 34 at 11–12.) The TCPA prohibits the use of an ATDS and an artificial or pre-recorded message to contact individuals for non-emergency reasons within the United States. 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

*Id.* The elements of a TCPA claim are: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." *Wagner v. CLC Resorts and Dev., Inc.*, 32 F. Supp. 3d 1193, 1195 (M.D. Fla. 2014) (citing *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla.

2012)).

Plaintiff alleges that Defendants placed "at least twenty-six telemarketing calls to Plaintiff between January 10, 2019 and May 20, 2019." (Doc. 26 ¶ 38.) Plaintiff also states that he did not consent to receive these calls and that his number is on the National Do Not Call Registry. (Doc. 26 ¶ 30.) While Plaintiff does not expressly attest that the calls were not placed for "emergency purposes," as permitted by 47 U.S.C. § 227(b)(1)(A), Plaintiff describes the nature of the calls in detail, including transcribing the prerecorded message, which demonstrates that the statutory exception does not apply here. (Doc. 26 ¶ 39.) Thus, the undersigned finds that Plaintiff's allegations demonstrate that Defendants called Plaintiff's telephone and played a prerecorded message without his prior express consent.

Additionally, the undersigned finds Plaintiff's allegations sufficient to demonstrate that Defendants used an ATDS. The TCPA defines an ATDS system as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1); *see Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021) (to "qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator."). Although "'courts permit the allegation of an automatic system to be pled on information or belief, [they] require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation

device.'" *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021) (citation omitted). "To sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355–56 (S.D. Fla. 2018).

Here, Plaintiff has provided additional facts, which Defendants have failed to refute by virtue of their default, that sufficiently support the allegation that Defendants used an ATDS to call Plaintiff. Plaintiff asserts that during each call, a pre-recorded message played, which indicates an ATDS was used because "it would be illogical to call someone and play a prerecorded message other than randomly or sequentially." (Doc. 34 at 11.) Plaintiff also alleges that the "caller ID numbers were randomly generated," and that "the ability to randomize caller ID numbers supports the inference that the number dialed was also randomly generated, since randomizing caller IDs requires a high degree of technical specification." (*Id.*) Furthermore, Plaintiff states "the calls were not personalized," "came at random dates and times," "the caller had no information about the person they were calling," and "the parties had no prior relationship." (*Id.*) Taking Plaintiff's well-pleaded allegations as true, the undersigned finds that Plaintiff properly stated a cause of action under the TCPA's prohibition against using an artificial or pre-recorded voice and an ATDS and recommends that the Court grant default judgment as to this count.

### *ii. Count Three: Violation of the TCPA's Implementing Regulations*

Plaintiff also seeks default judgment against Defendants for violations of the TCPA-implementing regulation 47 C.F.R. § 64.1200(c) and (d). (Doc. 34 at 12–13.) Section 64.1200(c)(2) states, "No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Section 64.1200(d) states, "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). It then lists the "minimum standards" for these procedures, which include requirements that persons or entities making calls for telemarketing purposes "must have a written policy, available upon demand, for maintaining a do-not-call list" and "must maintain a record of a consumer's request not to receive further telemarketing calls." 47 C.F.R. § 64.1200(d)(1) and (6).

Plaintiff argues that the Second Amended Complaint sufficiently alleges that Defendants violated 47 C.F.R. § 64.1200(c)(2). (Doc. 34 at 12.) The undersigned agrees. Plaintiff alleges that Defendants called Plaintiff's private, residential number, which is registered on the federal Do Not Call Registry, 26 times for the purpose of initiating telephone solicitation. (Doc. 26 ¶¶ 33, 36–39.) Thus, the undersigned finds Defendants violated 47 C.F.R. § 64.1200(c)(2).

However, with respect to Plaintiff's arguments regarding 47 C.F.R. § 64.1200(d)(1) and (6), the undersigned finds Plaintiff has not sufficiently pleaded allegations to warrant default judgment. While the Second Amended Complaint alleges that Defendants initiated calls for telemarketing purposes to Plaintiff's private telephone number, it does not sufficiently allege that Defendants did not maintain a written policy or a record of a consumer's request not to receive further telemarketing calls. Specifically, Plaintiff cites to the following allegations in the Second Amended Complaint to support his claim:

> 75. By placing at least twenty-six telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).
>
> 76. This amounts to seventy-eight violations since Defendants committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).
>
> 77. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least seventy-eight violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Perrong's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

(Doc. 34 at 13 (citing Doc. 26 ¶¶ 75–77).)

These allegations provide no additional factual context for the Court to determine whether these violations actually occurred, but rather, simply recite the language of the implementing regulations. Conclusory statements that Defendants violated the TCPA implementing regulations are insufficient for default judgment. The declaration Plaintiff submitted in support of the instant Motion seemingly attempts to compensate for these deficiencies, as Plaintiff states that he "asked that the calls stop and to be placed in Defendant's Do-Not-Call list" and "requested Defendant's Do-Not-Call policy but also never received it." (Doc. 35 ¶ 6.) However, even if these statements were sufficient to demonstrate that Defendants violated the implementing regulations, which the undersigned declines to address at this time, the Court cannot rely on them to reach that conclusion. *CSG Sols. Consulting LLC*, 2019 WL 11504659 at *1 n.1 ("A defaulting defendant admits only the well pleaded allegations of the complaint. . . . Accordingly, Plaintiff may not rely on his affidavit filed in support of the motion for default judgment to resolve the deficiencies in the complaint."); *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. May 15, 2002) ("A default judgment cannot stand on a complaint that fails to state a claim."). As such, the undersigned respectfully recommends the Court grant default judgment as to Plaintiff's claim that Defendants violated 47 C.F.R. § 64.1200(c) and deny the Motion as to the alleged violations of 47 C.F.R. § 64.1200(d)(1) and (6).

### D. PTRA

With respect to Plaintiff's claim for damages under the PTRA, the undersigned respectfully recommends that the Court deny the Motion as to this issue. "The PTRA

vests enforcement authority with Pennsylvania's Attorney General, not individual consumers." *Shelton v. FCS Cap. LLC*, No. 2:18-cv-03723-JDW, 2019 WL 6726404, at *3 (E.D. Pa. Dec. 11, 2019) (citing 73 P.S. § 2245.2(k)(1)). "[W]here the General Assembly commits the enforcement of a regulatory statute to a government body or official, this precludes enforcement by private individuals." *Lerro ex rel. Lerro v. Upper Darby Twp.*, 798 A.2d 817, 822 (Pa. Commw. Ct. 2002) (citations omitted); *see also Cty. of Butler v. CenturyLink Commc'ns, LLC*, 207 A.3d 838, 852 (Pa. 2019) (no private right of action to enforce statute where legislature "provided sufficient indicia evincing its intention to centralize enforcement authority in the relevant state agency").

Here, where the "PTRA's language demonstrates the General Assembly's intent to commit enforcement of the PTRA to the Attorney General," the undersigned cannot recommend a ruling that would allow Plaintiff to prevail on his claim under this statute. *Shelton*, 2019 WL 6726404 at *3 (finding plaintiff could not maintain a claim under the PTRA as a matter of law). Accordingly, the undersigned respectfully recommends the Court deny the Motion as to Plaintiff's claim under the PTRA.

### E. Damages

Having found that Plaintiff has established a cause of action under the TCPA, the undersigned must now determine whether a hearing is necessary to determine the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). Thus,

"[w]here the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required." *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593–94 (S.D. Ala. 2007) (citation omitted). The undersigned finds that an evidentiary hearing is not necessary because Plaintiff has made an adequate record regarding damages.

Under the TCPA, successful plaintiffs are entitled to an injunction, actual losses caused by the violation, or $500 for each violation, whichever is greater. *See Gambon v. R & F Enterprises, Inc.*, No. 6:14-cv-403-Orl-18GJK, 2015 WL 64561, at *5 (M.D. Fla. Jan. 5, 2015). Additionally, plaintiffs are entitled to compensation for each violation, not just each call. *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1106 (11th Cir. 2015). Courts grant treble damages when the defendant "willfully or knowingly" violates the TCPA. 47 U.S.C. § 227(b)(3). "The requirement of 'willful[ ] or knowing[ ]' conduct requires the violator to know he was performing the conduct that violates the statute." *Lary*, 780 F.3d at 1107 (citation omitted). It is not necessary for the court to find any malicious or wanton conduct to award treble damages. *Grace v. Ability Recovery Servs., LLC*, No. 3:18-cv-962-J-39JRK, 2019 WL 2210682, at *3 (M.D. Fla. Apr. 15, 2019), *report and recommendation adopted*, No. 3:18-cv-962-J-39JRK, 2019 WL 3383427 (M.D. Fla. May 13, 2019).

Plaintiff seeks statutory damages in the amount of $202,800. (Doc. 34 at 15.) Plaintiff has calculated the treble damages as follows:

**Count I**: $1,500 x 52 = $78,000

$1,500 ($500 x 3) for each of the 26 calls Plaintiff received where Defendants used an ATDS, and $1,500 ($500 x 3) for each of the 26 calls Plaintiff received where Defendants used an artificial or prerecorded voice.

**Count II**: $300 x 26 = $7,800

$300 for each violation of the Pennsylvania state statute.

**Count III**: $1,500 x 78 = $117,000

$1,500 ($500 x 3) for 26 violations of 47 C.F.R. § 64.1200(c), 26 violations of 47 C.F.R. § 64.1200(d)(1), and 26 violations of 47 C.F.R. § 64.1200(d)(6).

Here, the undersigned recommends the Court decline to award treble damages. The Second Amended Complaint contains no factual allegations to establish that Defendants willfully or knowingly violated the TCPA, other than conclusory statements that the violations were "knowing and/or willful." (Doc. 26 ¶¶ 69, 80.) Moreover, the instant Motion does nothing more to support this claim other than repeat that a willful or knowing violation warrants treble damages. (Doc. 34 at 15.) In the absence of any factual allegations that establish that Defendants willfully or knowingly violated the TCPA, the undersigned recommends that the Court decline to award treble damages. *Lary*, 780 F.3d at 1107 ("[T]he bare assertion in [plaintiff's] complaint that the defendants 'willfully' and 'knowingly' violated the Act was a legal conclusion, not an allegation of fact that we must accept as true."); *Arnold v. Source Sols. Mgmt., LLC*, No. 8:20-cv-2519-SCB-SPF, 2021 WL 2515204, at *6 (M.D. Fla.

Apr. 27, 2021) (declining to award treble damages and finding the allegations lacked sufficient detail to establish a willful and knowing violation even where plaintiff requested that defendant stop calling and defendant continued to contact plaintiff); *Jeffery v. E. Asset Servs., LLC*, No. 8:17-cv-1361-T-27AAS, 2018 WL 3999663, at *2 (M.D. Fla. July 27, 2018), *report and recommendation adopted sub nom. Jeffrey v. E. Asset Servs. LLC*, No. 8:17-cv-1361-JDW-AAS, 2018 WL 3999639 (M.D. Fla. Aug. 21, 2018) (rejecting plaintiff's request for treble damages under the TCPA because the record did not support a finding that defendant acted willfully or knowingly and stating that "[i]n similar situations, when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages").

As such, the undersigned recommends the Court award a total of $39,000 in damages, calculated as follows: $500 (for each violation) x 78 violations (26 violations involving an ATDS, 26 violations involving an artificial or prerecorded voice, and 26 violations of 47 C.F.R. § 64.1200(c)) = $39,000.

### IV.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion for Default Judgment (Doc. 34) be **GRANTED IN PART AND DENIED IN PART** to the extent stated herein.
2. Defendants be enjoined from calling Plaintiff without prior express invitation or permission, and that Plaintiff be **ORDERED** to file a proposed injunction within 21 days of this Report & Recommendation.

3. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff and against Defendants MLA International, Inc., and Jose Ayala in the amount of $39,000 in statutory damages.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 2, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE